IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CITGO PETROLEUM CORPORATION,

                                                              OPINION and ORDER

                Plaintiff,

                                                                O7-cv-0657-bbc

    v.

RANGER ENTERPRISES, INC.,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This is civil action involving two parties to a failed franchise agreement. Plaintiff Citgo Petroleum Corporation and defendant Ranger Enterprises, Inc., entered into a franchise agreement wherein plaintiff supplied defendant with CITGO brand gasoline products and defendant was authorized to sell the products under plaintiff's trademark. In April of 2006, before the termination of the parties' franchise agreement, defendant began re-branding its gasoline stations.

On November 11, 2007, plaintiff brought suit against defendant for breach of the parties' franchise agreement as a result of defendant's re-branding. In response, defendant answered and counterclaimed that it was plaintiff who first breached by failing to deliver required fuel quantities and engaging in brand damage. Dkt. #14. Defendant also alleged

1

a state law claim for wrongful termination of the parties' franchise agreement. Id. Defendant's counterclaims for brand damage and wrongful non-renewal were dismissed initially in an order issued on August 27, 2008. Dkt. #43. Later defendant filed a proposed second amended counterclaim in which it reasserted its wrongful non-renewal and brand damage claims. Dkt. ## 50-51. The counterclaims were dismissed again. Defendant's wrongful non-renewal counterclaim was dismissed because defendant was barred by the one-year statute of limitations from bringing these claims pursuant to the Petroleum Marketing and Practices Act, 15 U.S.C. § 2801. Defendant's brand damage counterclaims were dismissed for failure to state a claim upon which relief may be granted; these counterclaims are the subject of two motions discussed later in this opinion.

After a year of litigation, the parties are still disputing the nature and scope of their respective claims and counterclaims. Now before the court are (1) two motions by defendant seeking leave to take an interlocutory appeal of this court's November 26, 2008 order; (2) plaintiff's motion to strike and dismiss defendant's second amended counterclaim; and (3) plaintiff's motion for leave to file an amended complaint.

Initially, defendant filed a motion seeking interlocutory appeal pursuant to 28 U.S.C. § 1292(b) because it believes the court erred in dismissing the three counts of breach of contract for plaintiff's alleged acts of brand damage. After plaintiff contended that 28 U.S.C. § 1292 was the inappropriate method of appealing the November 26 order,

2

defendant filed a Rule 54(b) motion, asking this court to enter a final judgment on its brand damage claims so that it might appeal the decision without § 1292 certification. Both these motions will be denied. Although defendant was correct to proceed by way of interlocutory appeal, entering final judgment under Rule 54(b) would be inappropriate because the dismissed counterclaims are not stand-alone legal issues that are easily severable from the other claims in this lawsuit. Moreover, because the interlocutory appeal of the November 26 order will not serve to speed up the litigation, defendant has failed to meet the statutory requirements for certification under § 1292(b). Its motion will be denied.

Plaintiff seeks to strike and dismiss defendant's second amended counterclaim because it contains improper allegations regarding defendant's previous counterclaims for wrongful non-renewal and brand damage. Defendant's second amended counterclaim will not be dismissed but defendant will be ordered to strike the allegations regarding Hugo Chavez and Petróleos de Venezuela, S.A. Last, plaintiff seeks leave to file an amended complaint to add a cause of action and allegations regarding an additional breach of contract claim. That motion will be denied because of undue delay and unfair prejudice to defendant.

## OPINION

### A.  Appeal Pursuant to Rule 54(b) Versus 28 U.S.C. § 1292(b)

The parties' first dispute turns on the proper procedural mechanism for appealing this court's November 26, 2008 order, in which I dismissed defendant's counterclaims for breach of contract based on allegations of brand damage for the actions of Venezuelan President Hugo Chavez . Plaintiff contends that the proper method for appealing the order is by filing a request for an entry of final judgment pursuant to Rule 54(b), thereby allowing defendant to appeal that judgment. Although defendant maintains that the proper means of appealing the November 26, 2008 order is by means of discretionary interlocutory appeal, 28 U.S.C. § 1292(b), it has filed a request for certification of final judgment pursuant to Rule 54(b), dkt. #65, in the event that it has invoked the incorrect mechanism for appeal. I agree with defendant that Rule 54 (b) is not the applicable method of appeal in this case.

The Court of Appeals for the Seventh Circuit discussed the appropriate factors for distinguishing appeals brought under Rule 54(b) and those brought under 28 U.S.C. § 1292(b). The court noted that

> Rule 54(b) permits entry of a partial final judgment only when all of one party's claims or rights have been fully adjudicated, or when a distinct claim has been fully resolved with respect to all parties. These requirements are designed to ensure that the claim is distinct—the sort of dispute that, but for the joinder options in the Rules of Civil Procedure, would be a stand-alone lawsuit. Otherwise Rule 54(b) would amount to nothing more than an option on the district court's part to certify issues for interlocutory appeal . . . . To keep Rule 54(b) distinct from § 1292(b), we have insisted that Rule 54(b) be employed *only when the subjects* of the partial judgment *do not overlap with those ongoing* in the district court.

4

Factory Mutual Insurance Co. v. Bobst Group USA, Inc., 392 F.3d 922, 924 (7th Cir. 2004) (emphasis added).  Morever, the purpose of Rule 54(b) is to avoid "piecemeal disposal of litigation." Fed. R. Civ. P. 54, Advisory Comm. Notes.

Entering a final judgment on defendant's breach of contract claims would be inappropriate in this instance for at least two reasons.  First, this is not a case with multiple claims by multiple parties in which certain claims have been fully resolved with respect to certain parties.  There are only two parties to this litigation and there has been no resolution of all the claims against any one party.  Therefore, this is not the paradigmatic Rule 54(b) case.  Second, and more important, there is overlap between defendant's dismissed counterclaims and the remaining claims in this litigation.

Defendant alleged two separate anticipatory breach of contract counterclaims in this case; only the claims regarding brand damage were dismissed.  The court has yet to address the merits of defendant's breach of contract claim regarding plaintiff's alleged breach for under-supplying defendant in September and October of 2005 or plaintiff's breach of contract claim against defendant for re-branding in April 2006. Although defendant's brand damage claim does not overlap factually with defendant's fuel supply claim or plaintiff's re-branding claim, all the claims deal with the parties' obligations under the franchise agreement.  Therefore, this is not a stand-alone issue wholly separate from the issues at play in the current litigation.  Accordingly, the proper method of appealing the dismissal of

defendant's breach of contract claims is by interlocutory appeal under § 1292(b). Therefore, defendant's alternative motion for Rule 54(b) certification will be denied.

### B. Interlocutory Appeal

Although an appeal pursuant to Rule 54(b) is inappropriate, defendant could appeal the November 26, 2008 if it can establish the requisite conditions for an interlocutory appeal under 28 U.S.C. § 1292(b). This type of appeal is discretionary and should "be granted sparingly and only when the circumstances are exceptional." Asher v. Baxter International Inc., 505 F.3d 736, 741 (7th Cir. 2007)(dictum). Defendant must show the following statutory criteria to warrant certifying an order for interlocutory appeal: (1) the party is appealing a pure question of law; (2) the question is controlling; (3) the question is contestable; and (4) the resolution of this question promises to speed up the litigation. 28 U.S.C. § 1292(b); Ahrenholz v. Board of Trustees of University of Illinois, 219 F. 3d 674, 675 (7th Cir. 2000). In addition, "[t]here is also a nonstatutory requirement: the petition must be filed in the district court within a reasonable time after the order sought to be appealed." Id. Because defendant filed its motion on December 8, 2008, the motion is timely. Defendant seeks certification to appeal this court's dismissal of its three proposed counterclaims for breach of contract based on brand damage. The first counterclaim contained allegations that plaintiff was liable for brand damage for failing to distance itself

from Hugo Chavez after he made critical, anti-American remarks in 2005. In the second and third counterclaims, defendant contends that plaintiff should be found vicariously liable for brand damage because Hugo Chavez was either an alter ego or agent of plaintiff. Each counterclaim addressed the same basic issue: how to impute liability for the statements of Hugo Chavez to plaintiff. In the November 26, 2008 order, I dismissed all three counterclaims for failure to state a claim upon which relief may be granted. Dkt. #58. In assessing the counterclaims, I held that plaintiff's actions did not constitute the type of behavior that constituted a breach of the implied covenant of good faith and fair dealing. Id. at 11-13. Further, I found that Oklahoma law did not recognize claims for either alter ego or agency liability based on the factual allegations in defendant's proposed counterclaim. Id. at 12-13.

In its motion for interlocutory appeal, plaintiff contends that this court erred because Oklahoma law does not require a party to allege that it "bargained for" protection from brand damage. With respect to the alter ego and agency holdings, defendant contends that the court should not dismiss a claim because it is "novel in its facts."

As an initial matter, it is arguable whether defendant has met the first three statutory requirements for interlocutory appeal: that the questions presented for appeal constitute contestable, controlling questions of "pure" law. Ahrenholz, 219 F. 3d at 677 (type of question "the court of appeals could decide quickly and cleanly without having to study the

7

record"). However, even if I assume defendant did meet these criteria, defendant has failed to show that the litigation will be speeded up by resolution of the question whether defendant's three counts of brand damage state a claim for a breach of the implied duty of good faith and fair dealing. Cima v. Wellpoint Health Networks, Inc., 05-cv-4127-jpg, 2008 WL 4449531, *3 (S.D. Ill. Sept. 29, 2008) (denying appeal because question would not materially advance litigation); Champions World, LLC v. U.S. Soccer Federation, Inc., No. 06-c-5724, 2007 WL 2198366, *4-5 (N.D. Ill. July, 31, 2007); Glazer v. Brookhouse, No. 05-c-130, 2006 WL 1663724, *3 (E.D. Wis. June 8, 2006). Because defendant has failed to meet all the statutory criteria for interlocutory appeal under 28 U.S.C. § 1292(b), its motion will be denied.

In its motion for certification, defendant concedes that the fuel under-supply claim and the brand damage claims are independent breach of contract claims. However, it argues that efficiency counsels in favor of granting certification of this interlocutory appeal because it will be difficult to separate the evidence of the two breaches and because there is a "high probability" that defendant will appeal the dismissal of the brand damage claims at the conclusion of the current case.

Although defendant calls the brand damage claims difficult to separate, it offers no examples of how the evidence or discovery for the claims is so interrelated as to make them inseparable. (Moreover, defendant makes no effort to explain how the claims are

8

independent yet intertwined; by definition an independent claim would be distinct and unrelated to other claims.)  In fact the evidence regarding plaintiff's alleged under-supply of fuel appears to have no bearing on "anti-American" statements made by Chavez or plaintiff's actions or inactions in response to those statements.  Whether these separate incidents motivated defendant to re-brand in order to seek cover for plaintiff's alleged breaches does not mean that these potential claims share common facts.

In addition, although defendant suggests that it will appeal this court's dismissal at a later date and that such an appeal could require witnesses to testify in two separate trials, I am not convinced that an appeal at this time will speed up the litigation.  In fact, certifying the question for appeal could significantly impede the litigation.  Because defendant seeks to try all the breach of contract claims in the same trial, this court would likely have to stay all proceedings until the court of appeals has resolved the interlocutory appeal.

Moreover, defendant asks this court to allow an appeal based on a future hypothetical appeal.  If that was all that was required to satisfy the pre-requisite that the question of law speed up the litigation, almost every order that presented a controlling and contestable question of law should be certified for interlocutory appeal.  This cannot be what the drafters of § 1292(b) intended.  The parties can resolve their respective breach of contract claims regarding the franchise agreement independently of any factual allegations or separate theories of liability articulated in defendant's proposed counterclaims for brand damage.

9

Clay v. Schwan's Home Service, Inc., 470 F. Supp. 2d 956, 958 (S.D. Ind. 2007) (denying appeal when resolution of single question of law alone will not speed up litigation because other actionable claims remain). A quick resolution of this case depends on a quick resolution of the remaining claims. I will deny defendant's motion for certification for interlocutory appeal of this court's November 26, 2008 order.

### C. Amended Counterclaim

In the November 26, 2008 order, I granted in part and denied in part defendant's motion for leave to file an amended counterclaim. As stated previously, I dismissed defendant's proposed counterclaims for wrongful non-renewal and brand damage. However, because plaintiff did not oppose defendant's amendments regarding its breach of contract for under-supplying fuel, I ordered defendant to submit its second amended counterclaim to include only those allegations regarding this counterclaim. On December 4, 2008, defendant submitted its second amended counterclaim. Dkt. #59. On December 18, 2008, plaintiff filed a motion to strike the entirety of the amended counterclaim because it violated this court's November 26 order. Plaintiff contends that the counterclaim contains inappropriate allegations regarding the previously dismissed non-renewal and brand damage counterclaims. Plaintiff adds that, if the court chooses not to dismiss defendant's amended counterclaim, it will seek alternative relief in the form of an order striking the "offending"

10

allegations.

Under Rule 12(f), a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Because I see no equitable reason to dismiss allegations regarding the injuries caused by plaintiff's alleged breach, I will not dismiss defendant's second amended counterclaim in its entirety. However, because I agree with plaintiff that defendant's allegations regarding Hugo Chavez and Petroleos de Venezule, S.A., are a backdoor effort to reargue its brand damage claims, I will order defendant to strike these portions of the second amended counterclaim.

Plaintiff objects to what it believes are factual allegations that create an implied wrongful non-renewal state law claim. Defendant's original non-renewal claims were dismissed because the Petroleum Marketing and Practices Act, 15 U.S.C. § 2801, bars any claims not made within one year of the non-renewal. According to plaintiff, the allegations that the fuel supply breach led to the demise of the parties' franchise relationship and caused continuing damages demonstrate that defendant is inappropriately connecting the under-supply claim to *plaintiff's* non-renewal of the franchise agreement. Plaintiff's reasoning is unconvincing.

The Petroleum Marketing and Practices Act provides a remedy for a franchisee, in this case defendant, to sue a franchisor, in this case plaintiff, for failing to renew a franchise agreement unless certain conditions exist. 15 U.S.C. § 2802(a) ("no franchisor engaged in

11

the sale, consignment, or distribution of motor fuel in commerce may—(1) terminate any franchise . . . prior to the conclusion of the term, or the expiration date, stated in the franchise"); 15 U.S.C. § 2802(b) (precondition and grounds for termination or nonrenewal). In this case, defendant's allegations do not discuss any acts taken by plaintiff regarding non-renewal. Instead, all the allegations are directed at *defendant's actions and decisions* to re-brand as a result of plaintiff's alleged fuel supply breach. It is defendant's contention that it re-branded its gasoline stations because it could no longer rely on plaintiff to deliver the promised fuel in light of its past breaches. Nothing in defendant's second counterclaim contains allegations regarding non-renewal of the franchise agreement.

Plaintiff argues that defendant cannot allege that it continues to suffer damages from the fuel supply breaches because defendant's damages would be limited to those suffered at the time of the under-supply. This is not necessarily the case. In the second amended counterclaim, defendant alleges that as a consequence of the under-supply it was forced "to secure alternative supplies of gasoline . . . and to accept more severe terms regarding payments and security." Dft.'s Sec. Am. Counterclaim, dkt. #59, at 10, ¶ 34. To the extent defendant has ongoing obligations as a result of the contracts it entered to cure the under-supply, defendant could plausibly suffer ongoing damages as a consequence of a three-year-old breach. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1969 (2007) (complaint "must contain either direct or inferential allegations respecting all the material elements necessary

12

to sustain recovery under some viable legal theory"). Thus, defendant's allegations that it suffers ongoing damages are not improper.

Last, plaintiff argues that defendant's choice of the phrase "franchise relationship" and the repeated allusions to the demise of the parties' franchise agreement are overt allusions to "wrongful non-renewal" and therefore are barred by the Petroleum Marketing and Practices Act. This is not the case. The fact that defendant is barred from raising non-renewal claims does not mean it is prohibited from arguing that plaintiff's actions caused defendant to lose faith and ultimately take actions to end the franchise relationship. Defendant is free to characterize the impact of plaintiff's breach as it chooses so long as it does not attempt to bring claims that are barred by law. Ultimately, defendant will bear the burden of proving the correlation between the breach and its choice to end the franchise agreement.

However, defendant's allegation regarding the statements of Hugo Chavez and his controlling role over plaintiff's business have no bearing on whether plaintiff breached the franchise agreement by under-supplying defendant. Defendant argues that these allegations are warranted because they are relevant to plaintiff's lack of "good faith" in its relationship with defendant. I disagree.

Defendant's artful pleading appears to be an end around this court's dismissal of its brand damage counterclaims, which have already been dismissed twice, and an effort to

13

make plaintiff's relationship to Chavez and Petróleos de Venezuela, S.A. subject to discovery. I will not allow defendant to derail this case with factual allegations and legal theories unrelated to the actual and remaining claims in this case. Talbot v. Rober Matthews Distributing Co., 961 F.2d 654, 666 (7th Cir. 1992) (party "not entitled to amend or recast . . . complaint in an attempt to reassert allegations contained in previous complaints"); see also Foman v. Davis, 371 U.S. 178, 182 (1962)("the grant or denial of an opportunity to amend is within the discretion of the District Court"). Because allegations regarding Chavez and Petróleos de Venezuela are wholly irrelevant to defendant's breach of contract claim, I will order defendant to strike all allegations regarding Chavez or Petróleos de Venezuela. Specifically, defendant is ordered to strike the following passages from it second amended counterclaim: (1) in the sectioned entitled "Nature of the Case" the third paragraph beginning with the phrase "Since 1990. . .", (2) ¶ 10, a-b on page 4, (3) ¶15 on page 6 and (4) the last sentence of ¶ 26 on page 9.

### D. Plaintiff's Motion for Leave to Amend its Complaint

Rule 15(a) of the Federal Rules of Civil Procedure provides that "a party may amend [its] pleading once as a matter of course at any time before a responsive pleading is served"; otherwise, amendment is permissible "only by leave of court." Fed. R. Civ. P. 15(a). Whether to grant leave to amend a pleading pursuant to Rule 15(a) is within the discretion

14

of the trial court, Sanders v. Venture Stores, Inc., 56 F.3d 771, 773 (7th Cir. 1995), and leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Although leave to file an amended or supplemental complaint should be granted liberally, a request to amend may be denied on several grounds, including undue delay, undue prejudice to the party opposing the motion or futility of the amendment. Sound of Music v. Minnesota Mining and Manufacturing Co., 477 F.3d 910, 922-23 (7th Cir. 2007); Butts v. Aurora Health Care, Inc., 387 F.3d 921, 925 (7th Cir. 2004).

On February 25, 2009, plaintiff filed a motion to amend its complaint with its proposed amended complaint attached, dkt. #87-2, Exh. A, in which plaintiff seeks to add an additional breach of contract count for selling non-Citgo fuel at defendant's gasoline stations. Dkt. #87, at 1, ¶1. Although plaintiff filed its original complaint in November 2007, it contends that it did not discover until January 2009 that defendant allegedly sold non-Citgo brand gas under plaintiff's trademark during the time in which the parties' franchise agreement was in effect. Further, plaintiff argues that defendant will not be prejudiced by this late filling of an amended complaint because it involves information already requested in discovery, that is, products purchased and sold by defendant during the time defendant re-branded its gas stations. I disagree with both of plaintiff's arguments and will deny it because of undue delay and unfair prejudice. Sides v. City of Champaign, 496 F.3d 820, 825-826 (7th Cir. 2007) (court may deny motion for leave to amend if

15

amendment would cause undue delay and unfair prejudice).

Although plaintiff argues that it only recently received discovery from defendant regarding the issues alleged in the amended complaint, plaintiff has had since August 2008 to conduct discovery on the amount, nature and volume of products sold by defendant during times relevant to this case. If plaintiff was not receiving the discovery it needed to address its breach of contract claims, it could have filed a motion to compel with this court, which it did not do. Extreme Networks, Inc. v. Enterasys Networks, Inc., No. 07-cv-0229-bbc, 2007 WL 5448209, *2 (W.D. Wis. Dec. 31, 2007). (In fact, the only motion to compel in this case was filed by defendant in April of 2008. Dkt. # 25.) Plaintiff's recent discovery of this matter is a consequence of its inaction and lack of diligence as opposed to any stonewalling by defendant. (If the latter were the case, plaintiff waived it by not raising the issue in either its initial motion or its reply for leave to file the amended complaint. Dkt. ## 87, 89.) Therefore, plaintiff has failed to justify the delay in filing its amended complaint.

Apart from the undue delay, there is unquestionably unfair prejudice to defendant if plaintiff is allowed to amend its complaint at this stage of the litigation. Dubicz v. Commonwealth Edison Co., 377 F.3d 787, 792 (7th Cir. 2004) ("the degree of prejudice to the opposing party is a significant factor in determining whether the lateness of the request ought to bar filing"). Dispositive motions in this case are due at the end of this

16

month.  If plaintiff were granted leave to amend its complaint, defendant would have insufficient time to conduct discovery or adequately oppose a motion for summary judgment on this claim.  The parties would likely file motions to extend the deadline for dispositive motions as well as motions to compel discovery on this new claim, further distracting them from the underlying breach of contract claims.  This would merely perpetuate and exacerbate the ongoing dispute between the parties over the nature and scope of their respective breach of contract claims and counterclaims.

Moreover, I agree with defendant that plaintiff's proposed breach of contract claim contains factual allegations suggesting that defendant damaged plaintiff's brand and trademark by selling non-Citgo fuel.  The proposed complaint states in relevant part:

> [Defendant's] unauthorized use of CITGO's trademarks in connection with the sale and distribution of gasoline and petroleum products not supplied by CITGO likely caused confusion, mistake, or deception as to the source or origin of the products in that the public is likely to believe that the gasoline sold at [defendant's] locations was provided, sponsored, approved, or licensed by, or affiliated with, or in some other way legitimately connected with CITGO.

Plt.'s Prop. Am. Cpt., dkt. #87-2, at 24, ¶ 77 (emphasis added).  Defendant's counterclaims for brand damage have already been dismissed.  Plaintiff's efforts to introduce allegations regarding defendant's actions in damaging plaintiff's brand would serve only to complicate and, potentially, re-open issues related to brand damage.  Mason v. Southern Illinois University, 233 F.3d 1036, 1044 (7th Cir. 2000); Chaveriat v. Williams Pipe Line Co., 11

17

F.3d 1420, 1428-30 (7th Cir. 1993) (recognizing trial judge's discretion to dismiss claims for unfair prejudice, when new claim potentially expands and alters scope of litigation).

This case is 15 months old and the parties have yet to submit dispositive motions. At this point, the parties should focus on the breach of contract claims and counterclaims at the heart of their claims, that is, their dispute regarding the demise of their franchise relationship, and insure that this case is set to go to trial on those claims in August 2009, as scheduled. Therefore, plaintiff's motion for leave to file an amended complaint will be denied.

ORDER

IT IS ORDERED that:

1. The motion by defendant Ranger Enterprise for entry of final judgment pursuant to Fed. R. Civ. P. 54(b) on defendant's three counterclaims for brand damage, dkt. #65, is DENIED.

2. The motion by defendant for certifying the November 26, 2008 order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), dkt. #61, is DENIED.

3. The motion by plaintiff CITGO Petroleum to strike and dismiss defendant's second amended counterclaim, dkt. #63, is DENIED, except with respect to the following allegations that defendant is to strike from its second amended counterclaim:

  A. under the section entitled, "Nature of the Case," the third paragraph beginning with the phrase "Since 1990. . .";

  B. ¶10, a-b on page 4;

  C. ¶15 at on page 6; and

  D. the last sentence of ¶ 26 on page 9.

Defendant is to submit a revised version of its second amended counterclaim in accordance with this order no later than March 13, 2009.

  4. The motion by plaintiff for leave to file its first amended compliant, dkt. #87, is DENIED.

  Entered this 9th day of March, 2009.

          BY THE COURT:

          /s/

          _____
          BARBARA B. CRABB
          District Judge