IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CITGO PETROLEUM CORPORATION,

                Plaintiff,

v.

RANGER ENTERPRISES, INC.,

                Defendant.

ORDER

07-cv-657-bbc

---

In this civil dispute between plaintiff Citgo Petroleum Corporation and defendant Ranger Enterprises, Inc., plaintiff has brought a motion to quash a third-party subpoena and deposition brought by defendant in the Northern District of Illinois. Dkt. 172. Plaintiffs seeks to quash the subpoena on two grounds: that the subpoena is unduly burdensome, irrelevant and seeks proprietary information from a third party for the sake of harassing one of plaintiffs' largest customers and that defendant has exceeded its ten deposition limitations as provided by Rule 30(a)(2).

I will briefly discuss the evolution of this discovery dispute. On June 15, 2009, defendant served a subpoena to Texor Petroleum Company, a non-party to this litigation. Texor is a franchisee of plaintiff's and a direct competitor of defendant in the Rockford and Chicago markets. On June 19 and 22, 2009, Texor filed a motion to quash the subpoena and a supplement in the Northern District of Illinois in case No. 9-cv-3725, objecting to the subpoena and deposition based on technical defects and undue burden as well as on the grounds that the information sought is proprietary and irrelevant. On June 23, 2009, plaintiff also filed a motion to quash in the Northern District of Illinois on the same grounds. The Honorable Judge John W. Darrah referred the case and the motions to quash to Magistrate Judge Sidney I. Schenkier. On June 30, 2009, Judge Schenkier found that plaintiff's and Texor's motion were not

procedurally defective and held a decision on the motions to quash in abeyance pending a decision by this court on the plaintiff's motion to quash. Dkt. 175-2, at 2.

Plaintiff's request to quash the subpoena issued by the District Court for Northern District Illinois will be denied. First, plaintiff's 30(a)(2) argument is a non-starter. Plaintiff is correct that Fed. R. Civ. P. 30(a)(2) requires that defendant obtain leave of court when taking an excess of ten depositions. However, the ten deposition limit is an advisory one that is particularly unadvisable in complex and large cases such as this one. Complex litigation will require often that the parties depose more than ten witnesses on each side. If defendants had properly sought leave of this court for an additional deposition in this district, it would likely have been granted. Therefore, this is an improper basis for quashing the subpoena.

Second, and more to the point, plaintiff's request contains a major procedural flaw. This court may not quash a subpoena issued in the Northern District of Illinois because Rule 45 expressly provides that only the issuing court may quash or modify a subpoena. Fed. R. Civ. P. 45(c)(3).

However, because the Northern District has stayed a decision on the motion to quash pending this court's decision, I will briefly address plaintiff's arguments, recognizing that this opinion is not binding. Defendant seeks the following information for the sake of rebutting plaintiff's defense to defendant's counterclaim that plaintiff under supplied fuel in 2005:

1. a signed copy of Texor's Distributor Franchise Agreement with plaintiff;

2. a signed copy of any other branded fuel supply agreement between Texor and plaintiff, governing the parties relationship in 2005 and through January of 2006;

3. a signed copy of the quantities provision of Texor's fuel supply agreement with plaintiff in 2005 through January, 2006;

2

  4.  all documents relating to any communication between Texor and plaintiff on the subject of ratability (or the quality of being a reliable fuel purchaser);

  5.  all documents relating to any contention by plaintiff in 2005 or January 2006 that Texor need to lift fuel in a more ratable way;

  6.  all documents related to communications or occasions from 2005 or January 2006 regarding any limitations by plaintiff on the supply of fuel Texor could lift; and

  7.  all documents related to communications or occasions from 2005 or January 2006 regarding whether Texor was unable to lift gasoline from plaintiff because it was not available.

As a general matter, I agree that the discovery sought from Texor is burdensome and irrelevant. With respect to the franchise and fuel supply agreements, these agreements are in plaintiff's possession and there is no reason for defendant to subpoena an unrelated third-party to acquire them.

In terms of the remaining communications between Texor and plaintiff, I agree that these communications (as well as the franchise and fuel supply documents) are not sufficiently relevant to this case to warrant such an onerous discovery request. The threshold for relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probably than it would be without the evidence." Fed. R. Evid. 401. To succeed on its counterclaim, defendant must prove that plaintiff failed to adequately supply defendant with fuel in 2005 and that this constituted a breach of the parties' franchise agreement.

However, defendant is not seeking evidence for proving this fact. Instead, it seeks discovery from Texor to rebut plaintiff's defense that defendant did not "lift ratably," or became an unreliable fuel purchaser. Specifically, defendant argues that Texor was also an unreliable fuel

purchaser from plaintiff and yet it did not suffer from under supply. Whatever the truth of these allegations, Texor's relationship with plaintiff has no bearing on this case. In other words, whether plaintiff also under supplied Texor in 2005 does not tend to prove the existence of a fact that is of consequence to the determination of this action. In fact, it might require plaintiff to defend two separate business decision of questionable relevance to each other; this would detract from the real issue at hand. Defendant can prove its counterclaims without this evidence. It has its own fuel industry expert that will testify to the issue whether "ratability" has any bearing on plaintiff's alleged decision to under supply. Accordingly, I conclude that the discovery sought by defendant from Texor is irrelevant and unnecessary to this action.

ORDER

It is ORDERED that plaintiff's motion to quash defendant's amended notice of deposition and subpoena to Texor Petroleum Company is DENIED. It is FURTHER ORDERED that plaintiff's request for costs is DENIED.

Entered this 10th day of July, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge