IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CITGO PETROLEUM CORPORATION,

                                                  ORDER

              Plaintiff,

                                                  07-cv-657-bbc

     v.

RANGER ENTERPRISES, INC.,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       This case is set for trial on August 3, 2009 on the measure of plaintiff Citgo Petroleum Corporation's damages for defendant Ranger Enterprises, Inc.'s breach of a franchise agreement and on the question whether plaintiff breached the franchise agreement in 2005 by failing to deliver the full amounts due under the franchise agreement.

       Now before the court is defendant's motion entitled "Leave to Preserve Record on Appeal by Alleging an Additional Counterclaim," dkt. #174. Despite the peculiar title, defendant's motion is actually a motion for leave to amend its counterclaim under Rule 15(a). Defendant seeks to add a counterclaim for constructive termination of the parties' franchise agreement in violation of the Petroleum Marketing Practices Act, 15 U.S.C. § 2801. The motion will be denied as futile and untimely.

1

Although leave to amend a complaint is generally granted freely, it may be denied when the claims raised in the amended complaint would have to be dismissed immediately. Sound of Music v. Minnesota Mining and Manufacturing Co., 477 F.3d 910, 922-23 (7th Cir. 2007) (leave may be denied when it would be "futile"). In addition "a district court may deny leave for several reasons including: undue delay, bad faith, or dilatory motive, . . . undue prejudice to the opposing party by virtue of allowance of the amendment. . . " Dubicz v. Commonwealth Edison Co., 377 F.3d 787, 792 (7th Cir. 2004) (citing Park v. City of Chicago, 297 F.3d 606, 612 (7th Cir. 2002)).

As I have already said many times, dkts. ##43, 58, 92 and 171, defendant's counterclaim for wrongful non-renewal or termination of the parties' franchise agreement under the Petroleum Marketing Practices Act is barred by the statute of limitations. Because defendant's counterclaim for constructive termination is another claim for wrongful non-renewal, it too is time-barred by the Act.

In addition, defendant filed its proposed counterclaim for constructive termination five weeks before the start of trial and three months after plaintiff filed its motion for summary judgment. Although "[d]elay, standing alone, may prove an insufficient ground to warrant denial of leave to amend the complaint," Dubicz, 377 F.3d at 792, if the delay would case a high degree of prejudice to the opposing party, denial of the motion would be proper. Id.; Cleveland v. Porca Co., 38 F.3d 289, 288-89 (7th Cir. 1994) (denying motion

2

for leave to amend after motions for summary judgment fully briefed and discovery closed).

If this were a case in which defendant had discovered new information and evidence warranting a late amendment of its pleading, it might be fair to allow the amendment, but none of the facts or legal theories raised by defendant are newly discovered. Instead, defendant appears to be raising a new claim simply because its previous claims were denied. The purpose of amending a pleading is not to allow a party to raise new legal theories when their previous ones have failed. Accordingly, defendant's motion for leave to amend will be denied.

ORDER

IT IS ORDERED that defendant Ranger Enterprise Inc.'s Rule 15(a) motion for leave to amend its counterclaim, dkt. #174, is DENIED.

Entered this 17th day of July, 2009.

BY THE COURT:

*Barbara B. Crabb*

BARBARA B. CRABB
District Judge

3